IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| REGIONS BANK, *as Successor Trustee of the Carl T. Martin Estate-Trust Part One, and the Carl T. Martin Estate-Trust Part Two, as established under the last will and testament of Carl T. Martin, deceased,* : : : : : : : :<br><br>Plaintiff, :<br>:<br>vs. :<br>:<br>DAVID STEWART, :<br>:<br>DEFENDANT. : | CIVIL ACTION 10-0145-M |

MEMORANDUM OPINION AND ORDER

This action comes before the Court on a Motion for Leave to Intervene (Doc. 9), filed by Intervenor ZLM Acquisitions, LLC, (hereinafter *ZLM*) and a Motion to Determine Applicable Law filed by Plaintiff Regions Bank (Doc. 10).  Jurisdiction has been invoked in this Court under 28 U.S.C. § 1332 on the basis of diversity (Doc. 1).  The parties filed written consent and this action has been referred to the undersigned Magistrate Judge to conduct all proceedings and order the entry of judgment in accordance with 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73 (*see* Doc. 16).  After consideration, ZLM's Motion to Intervene (Doc. 9) is **DENIED** and Regions' Motion to Determine Applicable Law (Doc. 10) is **GRANTED**; the substantive law to be applied in this action is Alabama law.

The relevant facts, briefly, are as follows. Plaintiff Regions Bank is an Alabama corporation with its principal place of business in Birmingham (Doc. 1, ¶ 3). Defendant David Stewart is a citizen who resides in Oklahoma (Doc. 1, ¶ 4; Doc. 8, ¶ 4). Intervenor ZLM is an Alabama limited liability company (Doc. 1, ¶ 14; Doc. 9, p. 1); Stewart is "the sole or majority member of ZLM" (Doc. 1, ¶ 15; Doc. 8, ¶ 15). On February 16, 2009, ZLM entered into a purchase agreement with Regions "to purchase various lots and property . . . located in Orange Beach, Baldwin County, Alabama" for $2,000,000 (Doc. 1, ¶ 14; Doc. 8, ¶ 14). ZLM paid one million dollars cash and executed a promissory note for the balance due (Doc. 1, ¶ 16; Doc. 8, ¶ 16; *see* Doc. 1, Exhibit A). "On the same day, the Defendant, in his individual capacity, executed the unconditional Personal Guaranty in favor of the Plaintiff in the amount of $1,000,000.00" (Doc. 1, ¶ 17; Doc. 8, ¶ 17; *see* Doc. 1, Exhibit 1).

Regions asserts that ZLM is now in default (Doc. 1, ¶ 21) and has brought this action against Stewart, raising claims of breach of contract and personal guaranty (Doc. 1). ZLM subsequently filed a Motion for Leave to Intervene (Doc. 9), to which Regions has filed a response (Doc. 11), and Regions filed a Motion to Determine Applicable Law (Doc. 10).

The Court will first take up the Motion to Determine Applicable Law (Doc. 10). The Court notes, initially, that no

responsive pleading has been filed although more than fifty days have passed since the Motion was filed.  The Court further notes that the Personal Guaranty specifically states the following: "Choice of Law.  This Guaranty shall be governed by, and construed in accordance with, the laws of the State of Alabama" (Doc. 1, Exhibit 1, § 11) (capitalization omitted).  The Guaranty is signed by Stewart; the signature is acknowledged by a notary and signed on February 16, 2009 (Doc. 1, Exhibit 1, p. 6).  The Court further notes, to the extent that it is relevant, that the Promissory Note, executed by ZLM and signed by Stewart, also states that it "is to be construed according to the laws of the State of Alabama" (Doc. 1, Exhibit A, p. 2).  The Court finds that the substantive law to be applied in this action is the law of Alabama (Doc. 10).

    The Court will next take up ZLM's Motion for Leave to Intervene (Doc. 9).  The Intervenor brought this motion "for the purpose of asserting claims against the Plaintiff for non-approval and non-payment of certain costs incurred by ZLM . . . and to seek declaratory relief with respect to its obligations" (Doc. 9, p. 1).  Attached to the Motion is a Complaint in Intervention in which ZLM raises claims of breach of contract and declaratory judgment against Regions (Doc. 9, Exhibit A).

ZLM seeks intervention under Fed.R.Civ.P. 24(a)(2) which states as follows:

> On timely motion, the court must permit anyone to intervene who:
>
> ***
>
> (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed.R.Civ.P. 24(a). Though there are three other types of intervention under Rule 24, because Intervenor specifically references only this one (*see* Doc. 9), the Court will only consider it.

The Court finds that ZLM has failed to show that it has an interest in this action. Specifically, the Court notes that, under its terms, the Defendant's Guaranty is unconditional and absolute (Doc. 1, Exhibit 1, § 2). That being so, Regions may pursue its remedy against Stewart without first seeking payment from ZLM. *See Colonial Bank of Alabama v. Coker*, 482 So.2d 286, 290 (Ala. 1985) (*citing Ehl v. J.R. Watkins Medical Co.*, 112 So. 426 (Ala. 1927)). The Court further notes that Defendant specifically agreed to these terms in the Guaranty itself (*see*

Doc. 1, Exhibit 1, § 3).1  Defendant has also failed to convince the Court that ZLM's interest will not be considered in this action as Defendant is the majority member of ZLM (Doc. 1, ¶ 15; Doc. 8, ¶ 15).  The Court finds that Intervenor ZLM has failed to meet the requirements of Rule 24(a)(2).

The Court is mindful of ZLM's claims against Regions for breach of contract and declaratory judgment.  Nevertheless, the Court has not been convinced that ZLM cannot seek relief elsewhere.  Therefore, ZLM's Motion for Leave to Intervene (Doc. 9) is **DENIED**.

After consideration of the relevant pleadings of record, the Court makes the following determinations:  ZLM's Motion to Intervene (Doc. 9) is **DENIED** and Regions' Motion to Determine Applicable Law (Doc. 10) is **GRANTED**; the substantive law to be applied in this action is Alabama law.

DONE this 14th day of June, 2010.

>                          s/BERT W. MILLING, JR.
>                          UNITED STATES MAGISTRATE JUDGE

---

1 "The Guarantor hereby waives promptness, diligence, notice of the acceptance hereof and any other notice with respect to any of the Guaranteed Obligations, and any requirement that the Seller take, initiate or exhaust any right, or take any action whatsoever, against the Buyer, any other guarantor or any other person, entity or collateral, before proceeding against Guarantor hereunder.